UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN DEAN, #115105,

        Petitioner,

v.        CASE NO. 05-CV-74168-DT
        HONORABLE GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Nathan Dean, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions for first-degree murder and felony firearm which were imposed following a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment on those convictions in 1980. Petitioner has filed a prior habeas petition in federal court challenging his convictions. For the following reasons, this Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has previously filed a federal habeas petition challenging the same convictions at issue in the instant petition, which has been dismissed with prejudice. *See Dean v. Pitcher*, No. 02-CV-71203 (E.D. Mich. Nov. 7, 2002), *cert. of app. den.* No. 02-2491 (6th Cir. May 21, 2003). Petitioner has neither requested nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

        s/George Caram Steeh  
        GEORGE CARAM STEEH  
        UNITED STATES DISTRICT JUDGE

Dated: November 8, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the petitioner on November 8, 2005, by ordinary mail.

        s/Josephine Chaffee  
        Secretary/Deputy Clerk

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.